UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI VOSSOUGHI,<br><br>Plaintiff,<br><br>v.<br><br>AIG PROPERTY CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 17cv0247 BTM BGS<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**[ECF NO. 6]** |

On February 27, 2017, the Court issued an order requiring defendant National Union Fire Insurance Company of Pittsburgh Pennsylvania ("National Union") to Show Cause why this action should not be remanded to state court (the "OSC") for failure to state in its notice of removal whether defendant AIG Property Casualty Company ("AIG") had been served, and if so, whether it joined in or consented to removal. (ECF No. 6.) For the reasons below, the OSC will be discharged.

On February 8, 2017, National Union removed this insurance bad faith action from San Diego Superior Court on the assertion of diversity jurisdiction

1

pursuant to 28 U.S.C. § 1441(b). However, its notice of removal failed to address whether AIG has been served, and if so, whether it joined in or consented to removal. Since all defendants in the state court action must join the petition for removal, see, e.g., Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986), the Court issued an OSC requiring National Union to explain why AIG was omitted from the notice of removal.

On March 6, 2017, National Union filed a timely response to the OSC. (ECF No. 7.) National Union stated that AIG was served with the summons and complaint on January 9, 2017, the same day as National Union; that AIG had, in fact, consented to removal; and that National Union's failure to include AIG's consent in the removal notice was an oversight. (ECF No. 7.) Also on March 6, 2017, AIG filed a joinder in the notice of removal. (ECF No. 8.) AIG's joinder indicates that at the time the action was removed on February 8, 2017, it was attempting to negotiate a dismissal, that it did actually consent to removal and National Union's failure to address AIG's consent in the removal notice was an oversight.

The OSC gave Plaintiff until March 13, 2017, to file a responsive brief, but Plaintiff elected not to file a response, nor has Plaintiff moved to remand or otherwise objected to the Court's exercise of removal jurisdiction over this action.

As the Court indicated in its OSC, failure to join all properly served defendants in a removal petition renders the removal procedurally defective. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). However, non-jurisdictional procedural requirements for removal may be waived by the plaintiff. Kelton Arms Condominium Owners Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003); Smith v. Mylan Inc., 761 F.3d 1042, 1044-46 (9th Cir. 2014). If the plaintiff waives procedural defects in the removal process, the Court may not address them by remanding the action sua sponte. Smith, 761 F.3d. at 1046; 28 U.S.C. § 1447(c) (addressing post-removal

authority to remand).  Here, the plaintiff did not respond to the OSC, move to remand, or otherwise register any opposition to removal, and thus has "implicitly waived any procedural defect in removal." Id.  Therefore, the Court may not remand this action sua sponte on the basis of the procedural flaws in National Union's notice of removal.  Id.

Also, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011); see Soliman v. Phillip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002).  Here, since Plaintiff does not object, the Court accepts AIG's belated joinder as having cured the deficiency in National Union's removal notice.

Accordingly, the Order to Show Cause is DISCHARGED.

IT IS SO ORDERED:

Dated: April 21, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court