UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI VOSSOUGHI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AIG PROPERTY CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA, and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv0247 BTM BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**[ECF NO. 5]** |

  Defendants have filed a motion seeking partial dismissal of Plaintiff's complaint. (ECF No. 5.) For the reasons below, Defendants' motion will be granted in part and denied in part.

**I. BACKGROUND**

  Plaintiff Mehdi Vossoughi sues defendants AIG Property Casualty Company ("AIG") and National Union Fire Insurance Company of Pittsburgh Pennsylvania (collectively, "Defendants") for claims sounding in insurance bad faith. He alleges his sister purchased insurance policies from Defendants (the "policies") that provided a death benefit to be paid to him as her sole beneficiary

in the event of her accidental death. Compl. ¶ 6.

After Plaintiff's sister was struck by a vehicle and killed, Plaintiff submitted a claim to Defendants seeking benefits under the policies' accidental death provisions. Compl. ¶ 7. Defendants requested further information, which Plaintiff provided. Id. Defendants thereafter represented "that no coverage existed" and denied Plaintiff's claim. Id.

Plaintiff retained counsel, who "reviewed such Policies as Plaintiff had available to him" and concluded they provided coverage. Compl. ¶ 8. Counsel sent a letter to Defendants demanding payment. Id. "[D]efendants responded, first, with a claim that the insurance Policies provided no such coverage" and later took the position that the policies "had been canceled for non-payment of the premiums." Id. Plaintiff determined that contrary to these contentions, all premiums had, in fact, been paid, via Defendants' automatic withdrawals from his sister's bank account, which had continued months after her death. Id.

Plaintiff's counsel also asked Defendants to provide copies of the relevant policies so he could investigate their coverage positions. Compl. ¶ 9. Despite these requests, Defendants refused and have continued to refuse to provide copies of the policies or pay Plaintiff's benefits. Id.

On December 21, 2016, Plaintiff filed this action in state court. Not. of Removal. He states four claims for relief: (1) insurance bad faith; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) breach of fiduciary duty; and he seeks general and punitive damages.

On February 8, 2017, Defendants removed the action to this Court on the basis of diversity jurisdiction. Not. of Removal (ECF No. 1).

On February 15, 2017, Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of Plaintiff's first, third, and fourth claims for relief. Plaintiff opposes the motion.

//

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint in whole or in part if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A district court's dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988)). A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

If a court dismisses a claim, it must consider whether to allow plaintiff the opportunity to amend it to cure the deficiencies. Rule 15 advises that "leave shall be freely given when justice so requires," a policy that is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Dismissal without leave to amend is improper unless it is clear…that the complaint could not be saved by any amendment." Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004) (citation omitted). A "district court does not err in denying leave to amend where the amendment would be futile." Id. (internal quotation marks omitted). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

B. Fourth Claim for Breach of Fiduciary Duty

Defendants seek dismissal of Plaintiff's claim for breach of fiduciary duty on the ground that under California law, insurers are not fiduciaries. Mem. P. & A. ISO Mot. to Dismiss ("Mot.") (ECF No. 5-1) at 4-5 (citing, e.g., Vu v. Prudential Prop. & Cas. Ins. Co., 26 Cal. 4th 1142, 1150-51 (2001)). Plaintiff contends the cases on which Defendants rely hold that insurers are not fiduciaries of insureds, and that his situation is distinguishable because he is a beneficiary, not an insured, and as a beneficiary he has a claim on money currently in Defendants' possession such that they stand in the capacity of fiduciaries.

The Court agrees with Defendants that Plaintiff cannot maintain a claim against them for breach of fiduciary duty. In Vu, the California Supreme Court described the relationship of insurer to insured as "often characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer…." Vu, 26 Cal. 4th at 1151 (internal citations and quotation marks omitted). "This characteristic has led the courts to impose 'special and heightened' duties…." Id. However, "'[w]hile these special duties are akin to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise because of the unique nature of the insurance contract, *not* because the insurer *is* a fiduciary.'" Id. (quoting, Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1148 (1990); Hassard, Bonnington, Roger & Huber v. Home Ins. Co., 740 F. Supp. 789 (S.D. Cal. 1990) (emphasis in original)).

The Ninth Circuit has held that because the insurer is not a true fiduciary, it cannot be subject to a claim for breach of fiduciary duties. See Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132, 1138 (9th Cir.1998) (holding that an insurer "owed no fiduciary duty to [the insured] as a result of their insurer-insured relationship"). Rather, the "heightened" duties described in Vu are appropriately enforced through a claim for breach of the covenant of good faith and fair dealing. See Tran v. Farmers Group, Inc., 104 Cal. App. 4th 1201, 1212

(2002). While the California Supreme Court has suggested a plaintiff might be able to enforce an insurer's obligations through a claim for breach of fiduciary duties, see Frommoethelydo v. Fire Ins. Exch., 42 Cal. 3d 208, 219 (1986) (stating that "an insured may … recover damages for a failure to investigate in violation of the implied covenant, fiduciary duty or the duty to engage in fair practices"), most courts have rejected efforts to assert such claims as unsound in light of the decisions holding an insurer is not a true fiduciary. See Solomon, 151 F.3d at 1138 (affirming summary judgment for insurer on breach of fiduciary duty claim because "Allianz owed no fiduciary duty to Solomon as a result of their insurer-insured relationship"); Casey v. Metropolitan Life Ins. Co., 688 F. Supp. 2d 1086, 1100-01 (E.D. Cal. 2010) (holding the "sounder approach" is "that a breach of fiduciary duties is analyzed under the covenant of good faith and fair dealing" and "a separate claim does not exist for breach of fiduciary duty"); Hassard, Bonnington, Roger & Huber v. Home Ins. Co., 740 F. Supp. 789, 791 (S.D. Cal. 1990) ("Despite the seeming trend of cases in California to analogize the insurer-insured relationship to a fiduciary relationship, the cases which have directly addressed this point have held that this relationship does not produce a fiduciary duty."); Almon v. State Farm Fire & Cas. Co., 724 F. Supp. 765, 766 (S.D. Cal. 1989) ("[A]lthough the duty between the plaintiff and defendants is fiduciary in nature, there is no independent cause of action for breach of fiduciary duty.").

Plaintiff argues his case falls outside this line of authorities because he is a beneficiary, rather than an insured, and because his claim involves a life insurance policy, not a liability policy. His argument is unpersuasive. First, courts have applied the foregoing reasoning in the life insurance/ beneficiary context. See, e.g., Casey, 688 F. Supp. 2d at 1100-01 (holding ex-spouse seeking benefits under life insurance policy of deceased insured could not state claim for breach of fiduciary duties against insurer). Second, Plaintiff's argument

that as a beneficiary he has a claim on money currently in Defendants' possession, such that they stand in the capacity of fiduciaries, does not distinguish the foregoing line of cases holding that insurers are not fiduciaries of insureds, because Plaintiff's rationale applies equally to insureds. Insureds entitled to the proceeds of a policy are also policy beneficiaries. The fact that he is only a beneficiary here, and not also the purchaser of the policy, does not, on its own, distinguish his role from the position of an insured. Accordingly, the foregoing line of cases applies, and the Court will dismiss Plaintiff's fourth claim for relief for failure to state a claim.

The next issue is whether to grant leave to amend. Defendants contend leave to amend should be denied as futile. While Plaintiff has not requested leave to amend, the Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

The Court agrees with Defendants that it would be futile for Plaintiff to attempt to amend his claim for breach of fiduciary duty, because there is no set of facts under which he can state such a claim against defendants. However, one issue gives the Court pause. In the cases above rejecting claims against insurers for breach of fiduciary duty, including Tran and Casey, the courts held that the insurers' failure to fulfill their heightened, fiduciary-like obligations could be asserted in connection with a claim for breach of the covenant of good faith and fair dealing. Here, Plaintiff's fourth claim for relief includes factual allegations that do not currently appear in his third claim for relief for breach of the covenant of good faith and fair dealing (e.g., that Defendants breached their obligations by refusing to provide copies of the pertinent policies, or an accounting for funds received from his sister, or owed to him). Compare Compl. ¶ 27 with ¶¶ 20-24. In light of Tran and Casey, it does not appear that it would be futile for Plaintiff to

6

17cv0247 BTM BGS

amend his third claim for relief to incorporate the factual allegations currently asserted in support of his fourth claim. Accordingly, the Court will dismiss the fourth claim, but will grant Plaintiff the option of amending his third claim to incorporate allegations from his dismissed fourth claim.

### C. Motion to Dismiss First and Third Claims for Relief

Next, Defendants move to dismiss Plaintiff's first claim for relief for "bad faith" and third claim for breach of the covenant of good faith and fair dealing. Defendants argue Plaintiff has failed to allege sufficient facts demonstrating an unreasonable denial of coverage as needed to support either of the two claims. In particular, they characterize his complaint as admitting some of the policies "did not contain accidental death benefits coverage or had been cancelled for non-payment of premium" and that he "further admits that he does not have copies of all of the policies," which they characterize as an indication his claims are "nothing more than a genuine dispute over the existence of coverage." Mot. at 7:24-8:8. Alternatively, they contend the claims are duplicative such that one of them should be dismissed. Id. 8:9-13.

Plaintiff maintains he has sufficiently alleged unreasonable denial of coverage, and that his claims for bad faith and breach of the covenant of good faith and fair dealing are not duplicative. Opp. at 9-13.

The Court agrees with Plaintiff. Under California law, a claim for "bad faith" is equivalent to a claim for breach of the covenant of good faith and fair dealing. See, e.g., Chateau Chamberay Homeowners Ass'n v. Assoc'd Int'l Ins. Co., 90 Cal. App. 4th 335, 345 (2001). "[T]he ultimate test of [bad faith] liability in the first party cases is whether the refusal to pay policy benefits [or the alleged delay in paying] was *unreasonable*." Id. (emphasis in original; internal quotation marks and citations omitted). Similarly, "[t]he implied covenant of good faith and fair dealing is breached where an insurer delays or denies payment of policy benefits unreasonably …." Casey, 688 F. Supp. 2d at 1098 (citing Jordan v. Allstate Ins.

7

Co., 148 Cal. App. 4th 1062, 1072-73 (2007). "[I]f the insurer denies benefits unreasonably (i.e., without any reasonable basis for such denial), it may be exposed to the full array of tort remedies, including possible punitive damages." Jordan, 148 Cal. App. 4th at 1073.

In Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371 (1990), the California Court of Appeals held that the "unreasonable" denial of coverage is met by facts demonstrating "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." 222 Cal. App. 3d at 1395. This requirement may be met where an insurer "in addition to breaching the contract, … seeks to shield itself from liability by denying, in bad faith and without probable cause, that the contract exists." Id. at 1397 (quoting Seaman's Direct Buying Service, Inc. v. Standard Oil Co., 36 Cal.3d 752, 768 (1984)).

The Court finds that Plaintiff's complaint satisfies this standard. It includes factually detailed and plausible allegations that, if true, tend to show Defendants acted unreasonably in denying coverage. Specifically, Plaintiff alleges Defendants wrongly denied that premiums had been paid, when they had not only been paid, but payment had been transferred via Defendants' own automatic withdrawals from Plaintiff's sister's bank account. Compl. ¶ 8. He also alleges Defendants wrongfully denied the existence of the policies, and then refused to provide his counsel copies of the policies so he could investigate coverage. Id. Finally, he alleges his counsel reviewed the policies that were available to him, and his counsel determined that contrary to Defendants' contentions, they did provide coverage for accidental death. Id. Under Careau & Co., such facts plausibly suggest that Defendants' denial of coverage was

attributable to something more than mere negligence, and support his allegations Defendants' breach of their duties as insurers was either unreasonable and wrongful (as alleged in Plaintiff's first claim for bad faith) or willful and knowing (as alleged in his third claim for relief). Careau & Co., 222 Cal. App. 3d at 1395. The Court disagrees with Defendants' contention that Plaintiff's allegations describe nothing more than a mere genuine dispute over coverage. Defendants' argument that Plaintiff's claims are foreclosed because he "admits" he does not have copies of all the policies is particularly unavailing, as it ignores the gravamen of Plaintiff's contention, which is that he asked Defendants for copies of the policies, and they wrongfully refused to produce them. Accordingly, the Court finds Plaintiff has adequately alleged facts sufficient to support his first and third claims for relief.

As for Defendants' contention that the first and third claims are duplicative, the Court disagrees. The first claim asserts that Defendants acted "wrongfully" and "unreasonably" in denying coverage. Compl. ¶¶ 13-14. The third claim alleges Defendants acted "willful[ly] and knowing[ly] [in their] failure and refusal to pay the cash benefits in accordance with the terms of the Policies…." Id. ¶¶ 20-21. Thus, each claim pleads that Defendants acted with a different level of intent such that they are pled in the alternative and are not duplicative. See, e.g., Silva v. Metro. Life Ins. Co., 762 F.3d 711, 727 (8th Cir. 2014) (noting that "[a]t the motion to dismiss stage… it [can be] difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative…" and holding plaintiff's assertion of claims in the alternative should survive dismissal).

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's first and third claims for relief.

//
//

## III. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Defendants' motion to dismiss as to Plaintiff's fourth claim for breach of fiduciary duty with prejudice. The Court grants Plaintiff leave to amend his third claim for relief solely to incorporate factual allegations previously asserted in the context of his fourth claim. Any such amended complaint must be filed no later than June 26, 2017. No motion to dismiss the amended complaint may be filed without leave of Court.

The Court DENIES Defendants' motion to dismiss as to Plaintiff's first and third claims for relief.

IT IS SO ORDERED:

Dated: June 9, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court